PER CURIAM.
 

 The Criminal Procedure Rules Committee (Committee) filed an out-of-cycle report proposing an amendment to Florida Rule of Criminal Procedure 3.130, First Appearance. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 The Committee’s proposal to amend rule 3.130 arose from a request by a Florida Bar member that the Committee consider proposing an amendment to the rule that would require both the state attorney and the public defender, or their designated assistants, to attend all first appearance hearings. The matter was extensively discussed at the Committee’s January and June 2008 meetings, at which meetings the Committee heard from several public defenders and a state attorney. The Committee learned that not every county required a state attorney and public defender to attend first appearance hearings, apparently due to practical and financial obstacles. After considering the issue, the Committee unanimously voted to propose the amendment because of the critical nature of the first appearance in criminal proceedings. The proposed amendment was unanimously endorsed by the Board of Governors of The Florida Bar.
 

 The Committee filed its report with this Court on September 29, 2008,
 
 [1]
 
 and the proposed amendment to rule 3.130 was published by the Court in the November 15, 2008, edition of
 
 The Florida Bar News.
 

 Three formal comments were filed with this Court in support of the proposal and none in opposition. First, attorney Donnie Murrell, who initially brought this problem to the attention of the Committee, urges adoption of the amendment to ensure that the rule make explicit what has always been implicit: that is, that a prosecutor and public defender attend first appearance hearings. Second, the Florida Public Defender Association (FPDA) not only strongly supports the proposed amendment but requested that additional language be added to ensure that first appearances be held during normal business hours (including weekends and holidays) with adequate notice to the state attorney and the public defender. The FPDA
 
 *342
 
 points out instances where times set for first appearances vary within counties without adequate notice. Third, Circuit Judge O.H. Eaton, Jr., who also filed a comment in favor of the rule, urged that the Court require that first appearance hearings be held during normal business hours and that the first appearances be recorded. Judge Eaton also urged that the Court consider a manual setting forth the responsibilities of the judge at first appearance.
 
 [2]
 

 The Committee responded to the comments of the FPDA and Judge Eaton, suggesting that the issue of the times for first appearances, which may be a problem in individual counties or with individual judges, be addressed with the scheduling judge or if necessary with the chief judge.
 

 After considering the Committee’s proposal and reviewing the comments filed, we adopt the proposed amendment with modifications. The proposal to amend rule 3.130 recognizes the important role that counsel play in criminal proceedings. In addition to requiring the presence of both the public defender and state attorney, or their designated assistants, rule 3.130(a) is also amended to require that adequate notice be provided to each. “Adequate notice” may be met by the entry of a standing administrative order setting forth the times for first appearances. In addition, because rule 3.130(c) contemplates that a criminal defendant may have retained counsel prior to the first appearance or may have the ability and intention to retain counsel for the first appearance, the amendment to rule 3.130(a) provides that, under such circumstances, the public defender or his or her designee need not be present and the trial court shall follow the procedure under rule 3.130(c)(2). Finally, the rule as amended requires that an official record of the proceedings be maintained in accordance with the suggestions of both the FPDA and Judge Eaton.
 

 Although we agree with the FPDA that first appearances should be held during normal business hours absent exigent circumstances, and certainly not solely at the convenience of the judge hearing first appearances, we decline at this time to en-graft this requirement into this rule. Rather, by separate letter we are alerting all chief judges to this expressed concern and ask that each chief judge explore whether a problem regarding scheduling of first appearances exists, and if so, to resolve the problem in a way that safeguards the critical role of first appearances to the criminal process. If necessary, we will consider in the future an amendment to the applicable rules, which might include an amendment to the rules of judicial administration.
 

 Accordingly, we adopt rule 3.130 as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective immediately upon release of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur,
 

 APPENDIX
 

 RULE 3.130 FIRST APPEARANCE
 

 (a) Prompt First Appearance. Except when previously released in a lawful manner, every arrested person shall be taken before a judicial officer, either in person or
 
 *343
 
 by electronic audiovisual device in the discretion of the court, within 24 hours of arrest. In the case of a child in the custody of juvenile authorities, against whom an information or indictment has been filed, the child shall be taken for a first appearance hearing within 24 hours of the filing of the information or indictment. The chief judge of the circuit for each county within the circuit shall designate 1 or more judicial officers from the circuit court, or county court, to be available for the first appearance and proceedings. The state attorney or an assistant state attorney and public defender or an assistant public defender shall attend the first appearance proceeding either in person or by other electronic means. First appearance hearings shall be held with adequate notice to the public defender and state attorney. An official record of the proceedings shall be maintained. If the defendant has retained counsel or expresses a desire to and is financially able, the attendance of the public defender or assistant public defender' is not required at the first appearance, and the judge shall follow the procedure outlined in subdivision (c)(2).
 

 (b)-(d) [No Change].
 

 Committee Notes
 

 [No Change]
 

 [1]
 

 . In addition to proposing an amendment to rule 3.130, the Committee's out-of-cycle report sought to amend Florida Rules of Criminal Procedure 3.704 and 3.986. The report was originally filed under Case No. SC08-1834. On October 8, 2008, the proposal to amend rule 3.130 was severed from the other two proposals and made into the instant case. On November 20, 2008, the Court amended rules 3.704 and 3.986 in Case No. SC08-1834.
 
 In re Amendments to the Florida Rules of Criminal Procedure,
 
 998 So.2d 1128 (Fla.2008).
 

 [2]
 

 . Although judicial education is not within the purview of the rule we are adopting, we request that the Florida Court Education Council consider whether additional judicial education and publications regarding first appearances should be offered.