PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to Florida Rule of Juvenile Procedure 8.010. We amend rule 8.010 as proposed.
 
 [1]
 

 On February 10, 2010, the Juvenile Court Rules Committee (Committee) filed an out-of-cycle report proposing new subdivision (i), Presence of Counsel, to Florida Rule of Juvenile Procedure 8.010, Detention Hearing. The Committee published the proposal in
 
 The Florida Bar News
 
 and on The Florida Bar’s website prior to submission to the Court. No comments were received. The Court also published the proposed amendments to rule 8.010 in
 
 The Florida Bar News.
 
 One comment was received, urging adoption of subdivision (i).
 

 New subdivision (i) of rule 8.010 requires the state attorney and public defender, or their assistants, to attend juvenile detention hearings in person, and is similar to a provision in the Florida Rules of Criminal Procedure, as amended on
 
 *810
 
 May 28, 2009.
 
 See In re Amendments to Florida Rule of Criminal Procedure 3.130,
 
 11 So.3d 341 (Fla.2009) (amending rule 3.130(a) to require both the state attorney and the public defender, or their designated assistants, to attend all first appearance hearings).
 

 Accordingly, we adopt rule 8.010(i) as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective January 1, 2011, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 8.010. DETENTION HEARING
 

 (a)-(h) [No change]
 

 (i) Presence of Counsel. The state attorney or assistant state attorney and public defender or assistant public defender shall attend the detention hearing. Detention hearings shall be held with adequate notice to the public defender and state attorney. An official record of the proceedings shall be maintained. If the child has retained counsel or expresses a desire to retain counsel and is financially able, the attendance of the public defender or assistant public defender is not required at the detention hearing.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.